UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLAS STEPHENS,<br><br>        Plaintiff,<br><br>    v.<br><br>LIBERTY MUTUAL INSURANCE COMPANY,<br><br>        Defendant. | Case No. 24-cv-04218-DMR<br><br>**ORDER GRANTING IFP APPLICATION AND SCREENING COMPLAINT PURSUANT TO 28 U.S.C. § 1915(E)** |

    Self-represented Plaintiff Nicholas Stephens filed a complaint and an application for leave to proceed *in forma pauperis* ("IFP"). [Docket Nos. 1, 2.] Having considered Plaintiff's papers, the court grants the IFP application and finds that the complaint fails to state a claim on which relief may be granted pursuant to 28 U.S.C. § 1915(e). Plaintiff must file a first amended complaint that addresses the deficiencies identified in this screening order by **November 27, 2024**.

**I.    DISCUSSION**

    A court may allow a plaintiff to prosecute an action in federal court without prepayment of fees or security if the plaintiff submits an affidavit showing that he or she is unable to pay such fees or provide such security. *See* 28 U.S.C. § 1915(a). Having evaluated Plaintiff's financial affidavit, the court finds that Plaintiff has satisfied the economic eligibility requirement of 28 U.S.C. § 1915(a) and grants the application to proceed IFP.

    The court's grant of Plaintiff's application to proceed IFP, however, does not mean that they may continue to prosecute the complaint. A court is under a continuing duty to dismiss a case filed without the payment of the filing fee whenever it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. §

1915(e)(2)(B)(i)-(iii).  If the court dismisses a case pursuant to Section 1915(e)(2)(B), the plaintiff may still file the same complaint by paying the filing fee.  This is because the court's section 1915(e)(2)(B) dismissal is not on the merits, but rather an exercise of the court's discretion under the IFP statute.  *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

To make the determination under 28 U.S.C. § 1915(e)(2)(B), courts assess whether there is an arguable factual and legal basis for the asserted wrong, "however inartfully pleaded." *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  Courts have the authority to dismiss complaints founded on "wholly fanciful" factual allegations for lack of subject matter jurisdiction. *Id.* at 1228.  A court can also dismiss a complaint where it is based solely on conclusory statements, naked assertions without any factual basis, or allegations that are not plausible on their face. *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009); *see also Erickson v. Pardus*, 551 U.S. 89 (2007) (per curiam).

Although pro se pleadings are liberally construed and held to a less stringent standard than those drafted by lawyers, see *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554 (2007); *see also* Fed. R. Civ. P. 12(b)(6).  "[A] district court should not dismiss a pro se complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (quotations omitted).

Plaintiff sues Defendant Liberty Mutual Insurance Company ("Liberty Mutual").  The complaint is confusing and difficult to follow.  Based on the allegations and exhibits attached to the complaint, it appears that Plaintiff pursued a workers compensation claim connected to his employment with UPS.  According to a letter attached to the complaint, Defendant Liberty Mutual handles the claim.  *See* Compl. Ex. B (Mar. 8, 2023 Letter from Liberty Mutual re: Temporary Disability Benefits Delay).  Plaintiff appears to challenge Liberty Mutual's delay in paying him disability benefits.  He also appears to challenge Liberty Mutual's request for Plaintiff's medical records via four subpoenas to various Kaiser offices and providers.  *See* Compl. Ex. A (copies of

1  subpoenas).  Plaintiff asserts claims for violations of his right to privacy under state law and the
2  California Constitution and violation of various California Insurance Code and Labor Code
3  provisions regarding workers compensation insurance.  Compl. 5-7.
4        Federal courts are courts of limited jurisdiction, and a "federal court is presumed to lack
5  jurisdiction in a particular case unless the contrary affirmatively appears."  *Stock W., Inc. v.*
6  *Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989) (citations omitted).  A federal court
7  may exercise either federal question jurisdiction or diversity jurisdiction.  Federal question
8  jurisdiction under 28 U.S.C. § 1331 requires a civil action to arise under the constitution, laws, or
9  treaties of the United States.  "[T]he presence or absence of federal-question jurisdiction is
10 governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only
11 when a federal question is presented on the face of the plaintiff's properly pleaded complaint."
12 *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998) (quoting *Caterpillar, Inc. v. Williams*, 482
13 U.S. 386, 392 (1987)).  Here, there is no federal question presented on the face of the complaint.
14 The complaint references 28 U.S.C. § 1343, but that statute provides only that district courts have
15 original jurisdiction over certain civil rights actions brought under federal law and the U.S.
16 Constitution.  The complaint does not allege any such claims.
17       A district court has diversity jurisdiction where the parties are diverse and "the matter in
18 controversy exceeds the sum or value of $75,000, exclusive of interests and costs."  28 U.S.C. §
19 1332.  Parties are diverse only when the parties are "citizens of different states."  *Id*.  A natural
20 person's state citizenship is determined by his or her state of domicile.  *Kanter v. Warner-Lambert*
21 *Co*., 265 F.3d 853, 857 (9th Cir. 2001).  "A person's domicile is her permanent home, where she
22 resides with the intention to remain or to which she intends to return.  A person residing in a given
23 state is not necessarily domiciled there, and thus is not necessarily a citizen of that state."  *Id.*
24 (internal citation omitted).  Here, it is not clear whether the parties are diverse, as Plaintiff does not
25 allege the citizenship of the parties.  Plaintiff alleges he resides in California, Compl. 2, but does
26 not allege his domicile.  He also alleges that Liberty Mutual's "primary business address" is in
27 California and that its headquarters are in Massachusetts but does not allege its citizenship.  *Id*.
28 These allegations are insufficient to establish that the parties are diverse.

Additionally, it is not clear that the amount in controversy requirement is satisfied. Plaintiff alleges that "the dispute involves a sum exceeding $75,000." Compl. 2. However, the complaint contains no allegations supporting this dollar amount. For example, the prayer for relief states, "Order Defendant to make full restitution of all funds acquired from the Plaintiff as a result of infringed actions," but the complaint does not allege that Defendant acquired any funds from Plaintiff.

Accordingly, the court lacks subject matter jurisdiction over the complaint.

## II.	CONCLUSION

For the reasons above, the court **grants** Plaintiff's IFP Application and finds that the court lacks subject matter jurisdiction over the complaint. It thus does not satisfy review under 28 U.S.C. § 1915(e). Plaintiff must file a first amended complaint addressing the deficiencies identified in this order by **November 27, 2024.** If Plaintiff does not file a timely first amended complaint, the court will recommend that this action be dismissed.

The court refers Plaintiff to the section "Representing Yourself" on the Court's website, located at https://cand.uscourts.gov/pro-se-litigants/, as well as the Court's Legal Help Centers for unrepresented parties. Parties may schedule an appointment by calling 415-782-8982 or emailing fedpro@sfbar.org.

**IT IS SO ORDERED.**

Dated: October 30, 2024

_____
DONNA M. RYU
Chief Magistrate Judge