UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLAS STEPHENS,<br><br>Plaintiff,<br><br>v.<br><br>LIBERTY MUTUAL INSURANCE COMPANY,<br><br>Defendant. | Case No. 24-cv-04218-HSG<br><br>**ORDER DECLINING REPORT AND RECOMMENDATION AND DISMISSING CASE**<br><br>Re: Dkt. Nos. 10, 11 |

## I.    REPORT & RECOMMENDATION

Plaintiff Nicholas Stephens filed a complaint against Defendant Liberty Mutual and an application for leave to proceed *in forma pauperis* ("IFP"). Dkt. Nos. 1, 2. Magistrate Judge Donna Ryu granted the IFP application but found that Plaintiff's complaint failed to state a claim on which relief may be granted pursuant to 28 U.S.C. § 1915(e). Dkt. No. 9 at 1. Plaintiff was given the opportunity to file an amended complaint to address these deficiencies by November 27, 2024. *Id.* at 4.

Plaintiff timely filed an amended complaint on November 25, 2024. Dkt. No. 11 ("FAC"). However, due to the Thanksgiving holiday, the complaint was not entered on the docket until approximately 5:00 p.m. on December 4, 2024. *See id.* As a result of this delay, before the complaint was entered on the docket, Judge Ryu issued a report and recommendation that the Court dismiss Plaintiff's complaint for failure to prosecute. Dkt. No. 10. Plaintiff accordingly objected to the report and recommendation. Dkt. No. 14. Because Plaintiff did timely file an amended complaint, the Court **DECLINES** to adopt the report and recommendation, Dkt. No. 10.

## II.    28 U.S.C. § 1915(e) SCREENING ORDER

The Court must next consider whether Plaintiff has failed to state a claim. Plaintiff alleges

1    that Defendant Liberty Mutual accessed Plaintiff's medical records without authorization during a
2    workers' compensation investigation and then denied him compensation in retaliation for his
3    complaints about unsafe work conditions.  FAC at 13.  Plaintiff brings claims for (1) violation of
4    the Health Insurance Portability and Accountability Act ("HIPAA"); (2) intentional infliction of
5    emotional distress; (3) violation of due process under the Fourth and Fourteenth Amendments; and
6    (4) violation of California Civil Code §§ 1708 and 3281.  *Id.* at 14–22.

### a. Legal Standard

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (citing *Lopez v. Smith*, 203 F.3d 1122, 1127–31 (9th Cir. 2000)).  The complaint must include a "short and plain statement," Fed. R. Civ. P. 8(a)(2), and "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted).  Plaintiff must provide the grounds that entitle him to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Because Plaintiff is pro se, the Court construes the complaint liberally and affords him the benefit of any doubt.  *See Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988); *cf.* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice.").  The Court is not, however, required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

### b. Discussion

Judge Ryu found that Plaintiff failed to sufficiently allege a basis for subject matter jurisdiction because the complaint did not state any federal claims, did not sufficiently establish that the parties were diverse, and did not clearly satisfy the amount in controversy requirement. Dkt. No. 9 at 3–4.  The amended complaint corrects this and sufficiently alleges federal diversity jurisdiction under 28 U.S.C. § 1332.  Plaintiff alleges that there is complete diversity of citizenship

United States District Court
Northern District of California

between the parties because he was born in and resides in California,[1] and Defendant is incorporated and has its principal place of business in Massachusetts. FAC at 2–3.[2] In addition, Plaintiff has added an allegation that he is entitled to at least $1,000,000 because of Defendant's invasion of privacy. FAC at 23. "[T]he sum claimed by the plaintiff controls if the claim is apparently made in good faith," and here the Court cannot say "to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal" given the damages available for the claims here. *See Naffe v. Frey*, 789 F.3d 1030, 1040 (9th Cir. 2015) (quotation omitted).

However, having reviewed the substance of the amended complaint, the Court finds that the amended complaint still fails to sufficiently state a claim for relief under 28 U.S.C. § 1915(e). First, Plaintiff argues that Defendant violated HIPPA, citing 45 C.F.R. § 164.508(b)(5). FAC at 14. HIPAA does not provide a private right of action. *Webb v. Smart Document Sols.*, LLC, 499 F.3d 1078, 1081 (9th Cir. 2007). The Court dismisses this claim with prejudice.

Second, Plaintiff argues that Defendant intentionally caused emotional distress by "obtain[ing] sacred patient doctor conversations from [his] medical provider" that were "not related to the claim[,] including nude images of [his] body." FAC at 16. It appears that Plaintiff initially consented to have Kaiser release his medical records as part of his workers' compensation claim, but he later emailed Defendant's counsel and withdrew his consent after he determined the

---

[1] Judge Ryu initially noted that Plaintiff only alleged that he was a California *resident*, and "[a] person residing in a given state is not necessarily domiciled there," and thus is not necessarily a citizen of that state. Dkt. No. 9 at 3 (quoting *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001)). In his amended complaint, Plaintiff added an allegation that he was born in California, but he did not explicitly state that he is a California citizen or that he intends to remain in California. While the Ninth Circuit has not yet adopted the presumption that residency is prima facie evidence of domicile, the Court is persuaded that Plaintiff's allegations about residency coupled with his efforts to amend his complaint with citizenship information about where he was born—liberally construed—are sufficient to allege diversity jurisdiction. *Mondragon v. Cap. One Auto Fin.*, 736 F.3d 880, 887 (9th Cir. 2013). However, for the avoidance of doubt, Plaintiff should explicitly allege what state he is a citizen of.

[2] The Court notes that in the amended complaint, which Plaintiff brings against Defendant "& Doe(s) 1-10," Plaintiff identifies and names three individuals he describes as "Doe 1," "Doe 2," and "Doe 3." *See* FAC at 12 ("Doe 1 Legal counsel identified as Monika height. Doe 2 Liberty Mutual employee identified as Tiffany Tooley. Doe 3 Liberty Mutual employee identified as Scott Shattuck."). Given that these individuals are only listed in a section of the complaint titled "Exhibits Attached" and not referenced in the complaint itself, the Court will not construe them as defendants or consider their citizenship for the purposes of assessing diversity jurisdiction.

release was too broad. Dkt. No. 11-2 at 8. Plaintiff alleges that Defendant nevertheless requested the documents from Kaiser using his prior authorization. FAC at 13. He alleges that this has led to "a state of constant worry" and "extreme difficulties in social interaction." *Id.* at 17, 19.

To state a cause of action for intentional infliction of emotional distress, "the plaintiff must allege: (1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; (3) and actual and proximate causation of the emotional distress by the defendant's outrageous conduct." *Hailey v. Cal. Physicians' Serv.*, 158 Cal. App. 4th 452, 473–74 (2007) (quotation omitted). Plaintiff's bare allegations that he is suffering from social anxiety are insufficient to show "severe or extreme" emotional distress. *See Lawler v. Montblanc N. Am., LLC*, 704 F.3d 1235, 1246 (9th Cir. 2013) (rejecting argument that anxiety, sleeplessness, upset stomach, and some muscle twitches alone rise to the level of "severe") (citing *Hughes v. Pair*, 46 Cal. 4th 1035, 1051 (2009)); *Landucci v. State Farm Ins. Co.*, 65 F. Supp. 3d 694, 711–12 (N.D. Cal. 2014) (dismissing on similar grounds).[3] Because Plaintiff may be able to allege additional details on amendment, the Court dismisses this claim without prejudice.[4]

Third, Plaintiff argues that Defendant violated the Fourth and Fourteenth Amendments, citing 18 U.S.C. § 1001. *See* FAC at 14, 20. Plaintiff has not alleged any facts allowing him to bring these claims against a private insurance company. *See Brentwood Acad. v. Tennessee Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001) (only state action or private behavior that may be attributed to the state is subject to the Fourteenth Amendment); *United States v. Rosenow*,

---

[3] The Court also notes that the current complaint does not allege extreme and outrageous conduct. Such conduct must be "so extreme as to exceed all bounds of that usually tolerated in a civilized community." *Christensen v. Superior Ct.*, 54 Cal. 3d 868, 903 (1991) (quotation omitted). Here, Plaintiff alleges he previously consented to release his medical records as part of a workers' compensation request. Even if Defendant acted improperly by sending Plaintiff's original authorization after he revoked his consent, requesting medical records for an insurance claim—without any other allegations that Defendant used those documents improperly or shared them elsewhere—is unlikely to meet this high standard.

[4] Plaintiff also briefly mentions that Defendant intentionally inflicted emotional distress by denying him workers' compensation benefits. FAC at 14. Besides suffering from the same problems described above, Plaintiff has not alleged any facts discussing the denial of benefits. If this is Plaintiff's theory, he should articulate it further in an amended complaint.

50 F.4th 715, 728–29 (9th Cir. 2022) (a private search may only implicate the Fourth Amendment where "the private party acts as an agent of the Government or with the participation or knowledge of any governmental official") (quotation omitted). Additionally, private individuals do not have standing to assert claims for relief through federal criminal statutes such as 18 U.S.C. § 1001 that do not provide a private right of action. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973). Accordingly, this claim is dismissed with prejudice.

Finally, Plaintiff argues that he suffered an invasion of privacy when Defendant obtained Plaintiff's medical records after he had withdrawn his consent. FAC at 21–22. Plaintiff brings this claim under California Civil Code §§ 1708 and 3281, but these sections do not appear to provide Plaintiff with private causes of action for the invasion of privacy he alleges. Section 1708 states that "[e]very person is bound, without contract, to abstain from injuring the person or property of another, or infringing upon any of his or her rights." Section 1708.8 deals with invasions of privacy, but Plaintiff does not—and probably could not—state a claim under those narrow provisions. *See* Cal. Civ. Code § 1708.8(a)–(c) (addressing physical invasions of privacy, recordings, and false imprisonment). Section 3281 states that "[e]very person who suffers detriment from the unlawful act or omission of another, may recover from the person in fault a compensation therefor in money, which is called damages" and is a provision to authorize compensatory damages generally.

Given the substance of the FAC, Plaintiff appears to be asserting a common law cause of action for an invasion of privacy. *See* FAC at 22. Plaintiff does not specify which type of invasion he is asserting, but the most plausible claim given the current allegations is an intrusion upon seclusion. *Caraccioli v. Facebook, Inc.*, 167 F. Supp. 3d 1056, 1063 (N.D. Cal. 2016), *aff'd*, 700 F. App'x 588 (9th Cir. 2017) (discussing public disclosure requirement in other common law privacy torts). The tort for intrusion upon seclusion "has two elements: (1) intrusion into a private place, conversation or matter, (2) in a manner highly offensive to a reasonable person." *Shulman v. Grp. W Prods., Inc.*, 18 Cal. 4th 200, 231 (1998), *as modified on denial of*

*reh'g* (July 29, 1998).[5] There must be an "objectively reasonable expectation of seclusion or solitude in the place, conversation or data source. *Id.* at 232. "A court determining the existence of 'offensiveness' would consider the degree of intrusion, the context, conduct and circumstances surrounding the intrusion as well as the intruder's motives and objectives, the setting into which he intrudes, and the expectations of those whose privacy is invaded." *Miller v. Nat'l Broad. Co.*, 187 Cal. App. 3d 1463, 1483–84 (1986). "A plaintiff who prevails on an intrusion upon seclusion claim may recover damages for 'anxiety, embarrassment, humiliation, shame, depression, feelings of powerlessness, anguish, etc.'" *Opperman v. Path, Inc.*, 87 F. Supp. 3d 1018, 1061 (N.D. Cal. 2014) (quotation omitted). The Court notes that, at the pleading stage, allegations that Defendant accessed Plaintiff's full medical records without authorization—including pictures of Plaintiff's naked body—could at least in theory suffice to meet these elements. Because Plaintiff may be able to amend the complaint with a different legal claim for an invasion of privacy, the Court dismisses this claim without prejudice.

### III.  CONCLUSION

For the reasons above, the Court **DECLINES** to adopt the report and recommendation, Dkt. No. 10, and **DISMISSES** Plaintiff's amended complaint, Dkt. No. 11, with leave to amend Plaintiff's claims for intentional infliction of emotional distress and invasion of privacy. The Court **ORDERS** Plaintiff to file any amended complaint by December 15, 2025.

The Court further advises Plaintiff, who is representing himself, that he can seek assistance at the Legal Help Center if he desires assistance complying with this order. The Legal Help Center provides free information and limited-scope legal assistance to pro se litigants. More information about the Legal Help Center is provided at https://cand.uscourts.gov/representing-yourself. Telephone appointments may be scheduled either over the phone at (415) 782-8982 or by email at FedPro@sfbar.org.

---

[5] Plaintiff may have also intended to allege an invasion of privacy under the California Constitution. *See, e.g.*, *In re Accellion, Inc. Data Breach Litig.*, 713 F. Supp. 3d 623, 646 (N.D. Cal. Jan. 29, 2024).

**IT IS SO ORDERED.**

Dated: 10/28/2025

HAYWOOD S. GILLIAM, JR.
United States District Judge