UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

NICHOLAS STEPHENS,

Plaintiff,

v.

LIBERTY MUTUAL INSURANCE
COMPANY,

Defendant.

Case No. 24-cv-04218-HSG

**ORDER DISMISSING CASE AND
TERMINATING MOTION FOR MORE
DEFINITE STATEMENT**

Re: Dkt. No. 18

In July 2024, Plaintiff Nicholas Stephens filed his initial complaint against Defendant Liberty Mutual Insurance Company and an application for leave to proceed *in forma pauperis*. Dkt. Nos. 1, 2. Magistrate Judge Ryu granted the IFP application, screened the complaint under 28 U.S.C. § 1915(e), and found that Plaintiff failed to sufficiently allege a basis for subject matter jurisdiction because the complaint did not state any federal claims, did not sufficiently establish that the parties were diverse, and did not clearly satisfy the amount-in-controversy requirement. Dkt. No. 9 at 3–4.

Plaintiff amended his complaint, Dkt. No. 11, and the case was reassigned to this Court, Dkt. Nos. 10, 13. After screening the amended complaint, the Court found that "Plaintiff allege[d] that there is complete diversity of citizenship between the parties" and had "added an allegation that he is entitled to at least $1,000,000." Dkt. No. 15 at 2–3. Nevertheless, the Court found that Plaintiff had failed to state a claim and dismissed with leave to amend. *Id.* at 3–6.

Plaintiff did not file a second amended complaint by the Court's deadline, so the Court granted Plaintiff a one-month extension, stating that "[f]ailure to file an amended complaint by this deadline will result in the dismissal of the action in its entirety without further leave to amend" and "Plaintiff's amended complaint will be dismissed without leave to amend if he does

United States District Court
Northern District of California

not correct the deficiencies the Court has previously identified." Dkt. No. 16.  Plaintiff filed his second amended complaint by the extended deadline, alleging an invasion of privacy under the California Constitution, breach of the implied covenant of good faith and fair dealing, and intentional infliction of emotional distress against Defendants Liberty Mutual Insurance Company, Inc. and Monika Hight.  Dkt. No. 17 ("SAC") at 6, 12, 24.  Defendants moved for a more definite statement and to dismiss Plaintiff's claim for intentional infliction of emotional distress.  Dkt. No. 18.

Plaintiff's second amended complaint fails to adequately plead a basis for the Court's subject matter jurisdiction, since Plaintiff has included a new, apparently non-diverse Defendant: Monika Hight, who is a lawyer "practicing in The State of California with a principal address of business in Sonoma County, California."  SAC at 2; *see* 28 U.S.C. § 1332(a)(1) (requiring suit be between "citizens of different States").[1]  The Court also lacks federal question jurisdiction, as all three of Plaintiff's claims are California state law claims.  As a result, the Court must **DISMISS** Plaintiff's second amended complaint.  *See* 28 U.S.C. § 1915(e) (stating that "the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim").

Given the leeway the Court is required to give a pro se plaintiff, the Court grants leave to amend one final time, as Plaintiff may be able to state a claim against Defendant Liberty Mutual if he can properly establish a basis for federal jurisdiction.  *See Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) ("A district court should not dismiss a pro se complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" (quotation omitted)).  To bring a cause of action for an invasion of privacy under the California Constitution, "Plaintiff[] must show that (1) [he] possess[es] a legally protected

---

[1] Plaintiff is a "Living Person and A Resident of Alameda County, California."  SAC at 2. However, he has removed the allegations the Court previously credited about where he was born, and he did not follow the Court's instruction to "explicitly allege what state he is a citizen of."  *See* Dkt. No. 15 at 3 n.1.

Additionally, Plaintiff has removed his allegation about the amount in controversy.  Plaintiff cannot rely on allegations made in a prior complaint.  *See* SAC at 2 (claiming the Court has "Prior Expressed Jurisdiction under diversity and Subject matter, to no objection presented by either parties").

privacy interest, (2) [he] maintain[s] a reasonable expectation of privacy, and (3) the intrusion is 'so serious . . . as to constitute an egregious breach of the social norms' such that the breach is 'highly offensive.'" *In re Facebook, Inc. Internet Tracking Litig.*, 956 F.3d 589, 601 (9th Cir. 2020) (quoting *Hernandez v. Hillsides, Inc.*, 47 Cal. 4th 272, 287 (2009)).  Plaintiff alleges that Defendants knowingly accessed Plaintiff's full medical record after he withdrew his consent for them to do so.[2]  Accepting these allegations as true as the Court must at this stage, this could be sufficient, provided that Plaintiff can allege a basis for federal jurisdiction, which so far he has not done. *See Grafilo v. Wolfsohn*, 33 Cal. App. 5th 1024, 1034 (2019) (collecting California cases discussing the "well-settled" right to privacy for medical records).

Given this, the Court **DISMISSES** Plaintiff's complaint with leave to amend.  Plaintiff's amended complaint is due on June 4, 2026.  This is Plaintiff's final chance to amend.  Failure to submit an amended complaint by the deadline will result in immediate dismissal, though any such dismissal would be without prejudice and would still allow Plaintiff to raise his claims in state court.  Plaintiff may not add any new defendants or additional claims.

The Court **TERMINATES AS MOOT** Defendants' motion for a more definite statement, Dkt. No. 18.  While the Court tends to disagree that Plaintiff's complaint is "largely impossible to decipher enough for Defendants to draft an Answer," *id.* at 3, any amended complaint should (1) contain numbered paragraphs; (2) shorten or omit unnecessary citations to legal standards unless they are paired with an explanation about their relevance; and (3) clearly and completely explain the factual background for each claim.[3]  The claims must be fully pleaded in the body of the complaint, and Plaintiff may not rely on voluminous attachments to state his claims.  The Court will not sift through such attachments given Plaintiff's obligation under Federal Rule of Civil Procedure 8 to include a "short and plain statement of the claim."

The Court also **STRIKES** Plaintiff's Definite Statement, Dkt. No. 22, which appears to

United States District Court
Northern District of California

[2] Plaintiff states that he attached an exhibit of his revoked authorization form.  SAC at 5. However, it appears that this exhibit (and others) were not attached to the operative complaint.

[3] For example, Plaintiff's conclusory second claim references negotiations and denials of "[m]edical reviews that could have provided crucial evidence" without any explanation of what Plaintiff is referring to.  SAC at 12.

either be an improper sur-reply or an amended complaint, either of which would have required leave from the Court.

**IT IS SO ORDERED.**

Dated:    5/14/2026

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge