UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

NICHOLAS STEPHENS,

          Plaintiff,

    v.

LIBERTY MUTUAL INSURANCE COMPANY, et al.,

          Defendants.

Case No. 24-cv-04218-HSG

**ORDER DISMISSING CASE**

In July 2024, Plaintiff Nicholas Stephens filed his initial complaint against Defendant Liberty Mutual Insurance Company and a motion for leave to proceed in *forma pauperis.* Dkt. Nos. 1, 2. Magistrate Judge Ryu granted the IFP application, screened the complaint under 28 U.S.C. § 1915(e), and found that Plaintiff failed to sufficiently allege a basis for federal subject matter jurisdiction. Dkt. No. 9 at 3–4. Plaintiff amended his complaint, Dkt. No. 11, and the case was reassigned to this Court. Dkt. Nos. 10, 13. While Plaintiff's first amended complaint adequately alleged diversity jurisdiction, the Court dismissed the complaint again under 28 U.S.C. § 1915(e) for failure to state a claim for relief. Dkt. No. 15 at 3.

In January 2026, Plaintiff filed his second amended complaint. Dkt. No. 17. The complaint again failed to sufficiently allege a basis for subject matter jurisdiction because Plaintiff had included a new, non-diverse Defendant, Monika Hight, and did not bring any federal claims. *See* Dkt. No. 25 at 2. The Court dismissed the complaint with leave to amend and gave Plaintiff one "final chance to amend." *Id.* at 3.

In May 2026, Plaintiff filed his operative third amended complaint. Dkt. No. 28 ("TAC"). Plaintiff brings claims for intrusion on seclusion, tortious bad faith insurance practices, and

intentional infliction of emotional distress against Defendants Liberty Mutual Insurance Company, Monika Hight, Scott Shattuck, Tiffany Tooley, and Jennifer R. Van Zuiden. *Id.* at 1, 11–17.

The Court continues to lack diversity jurisdiction given Plaintiff's claims against Defendant Monika Hight. "[D]iversity jurisdiction exists under 28 U.S.C. § 1332 only when there is complete diversity of citizenship." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 377 (1978). But Plaintiff alleges that both he and Monika Hight are California citizens. TAC at 5–6.

However, Plaintiff now asserts that the Court has federal question jurisdiction because "[t]his dispute directly arises from, targets, and requires the structural interpretation, enforcement, and application of an active Collective Bargaining Agreement (CBA) executed between Plaintiff's employer and a labor organization representing employees in an industry heavily affecting interstate commerce, thereby implicating controlling federal statutory jurisdiction" under Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185. *Id.* at 4. This is apparently in reference to Plaintiff's bad faith insurance practices claim, where Plaintiff alleges that "Defendants were bound by an enforceable federal labor contract to 'cooperate toward the prompt settlement of employee on-the-job injury claims'" and failed to do so. *See id.* at 13, 15–16.

A state-law claim that "is substantially dependent upon analysis of the terms" of the CBA can "be treated as a § 301 claim" conferring federal question jurisdiction. *See Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 220 (1985). "[Section] 301 preempts a plaintiff's state law claim only where the claim (1) 'arises entirely from' a collective bargaining agreement or (2) 'requires interpretation of' the agreement." *Renteria-Hinojosa v. Sunsweet Growers, Inc.*, 150 F.4th 1076, 1088 (9th Cir. 2025) (quotation omitted). "At step one of this test," the Court asks whether the claim "seeks purely to vindicate a right or duty created by the CBA itself." *Id.* (quotation omitted). At step two, the Court asks whether "litigating the state law claim nonetheless requires interpretation of a CBA." *Id.* at 1089 (quotation omitted). "[A] hypothetical connection between the claim and the terms of the CBA is not enough to preempt the claim . . . [n]or is it enough that resolving the state law claim requires a court to refer to the CBA and apply its plain or undisputed language." *Id.* (quotation omitted).

Here, Plaintiff has not satisfied either step. Plaintiff claims that "Defendants were bound

2

by an enforceable federal labor contract to 'cooperate toward the prompt settlement of employee on-the-job injury claims when such are due.'" TAC at 14. But the actual CBA language submitted by Plaintiff as an exhibit to his complaint says that "*[t]he Employer* agrees to cooperate toward the prompt settlement of employee on-the-job injury claims when such claims are due and owing as required by law." Dkt. No. 27 at 19 (emphasis added); *see also* TAC at 4 (referencing a CBA "executed between Plaintiff's employer and a labor organization"); *id.* at 9, 19 (referencing CBA that "mandat[es] employer cooperation toward the prompt settlement of on-the-job injuries"). Plaintiff does not adequately allege facts from which the Court can reasonably infer that language imposing obligations on Plaintiff's employer would necessarily create a duty for the insurance company, or that the Court would necessarily need to interpret the employer-obligation provision when assessing the tortious bad faith claims against Defendants.

Other than referencing this single quote, Plaintiff does not otherwise tie his claims to the substance of the CBA. At most, Plaintiff alleges that "Liberty Mutual acted as the authorized, third-party claims administrator . . . managed, contracted, and retained by UPS for the specific handling, processing, evaluation, and administration of workers' compensation claims." TAC at 6. But this allegation alone does not adequately allege a claim against Defendants for a breach of a duty that is created by or requires interpretation of the CBA. *Contrast Allis-Chalmers*, 471 U.S. at 204 (discussing § 301 preemption for a bad faith insurance claim where the "agreement incorporate[d] by reference a separately negotiated group health and disability plan fully funded by Allis-Chalmers but administered by Aetna Life & Casualty Company").[1]

Plaintiff's remaining two claims are purely state law claims. Plaintiff does not seriously suggest that these remaining claims relate to any CBA; instead, they appear to relate to Plaintiff's allegations that Defendants unlawfully obtained his sensitive and private medical records. *See* TAC at 12, 17. Nor has he identified any other basis for federal jurisdiction. Accordingly, the

---

[1] Plaintiff also must "first exhaust contractual grievance procedures before bringing an action for breach of the collective bargaining agreement." *Carr v. Pac. Mar. Ass'n*, 904 F.2d 1313, 1317 (9th Cir. 1990). The Court does not have the full CBA before it, so it cannot determine what grievance procedures would have been required, if any. But Plaintiff did not allege exhaustion, and this may have also barred his claim.

United States District Court
Northern District of California

United States District Court
Northern District of California

Court again concludes that it lacks jurisdiction.

While pro se plaintiffs are entitled to "great leeway" when a court construes their pleadings, *Brazil v. U.S. Dep't of Navy*, 66 F.3d 193, 199 (9th Cir. 1995), the Court has already given Plaintiff three opportunities to amend his complaint. Despite repeated guidance, Plaintiff still has not adequately stated a basis for the Court's jurisdiction. Accordingly, the Court **DISMISSES** Plaintiff's case **WITHOUT LEAVE TO AMEND** and **WITHOUT PREJUDICE** to refiling the claims in state court. *Cf. Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992), *as amended*, (May 22, 1992) (affirming dismissal without leave to amend where a pro se plaintiff had already been given two opportunities to amend). The Clerk is directed to enter judgment in favor of Defendants and against Plaintiff and close the file.[2]

**IT IS SO ORDERED.**

Dated:  June 22, 2026

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge

---

[2] For completeness, the Court has considered Plaintiff's motion for leave to amend, motion for leave to submit exhibits, motion for default judgment, and motion to strike. Dkt. Nos. 26, 27, 32, 33. Nothing in those motions changes this result.

4